IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01522-REB-MEH

DAVID ROTHE,

    Plaintiff,

v.

NATIONAL CITY BANK,

    Defendant.

---

# RECOMMENDATION ON PETITION FOR TEMPORARY RESTRAINING ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Petition for Temporary Restraining Order [filed June 28, 2010; docket #2]. By Order of Reference to United States Magistrate Judge, the motion has been referred to this Court to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b). For reasons set forth below, this Court recommends that the District Court **deny** the Petition for Temporary Restraining Order.[1]

Plaintiff seeks a temporary restraining order enjoining a foreclosure sale on property owned

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

by the Plaintiff.[2] Docket #2 at 1.[3] Plaintiff asserts, "[t]he court should enter this preliminary injunction without notice to defendant because plaintiff will suffer immediate and irreparable injury, loss or damages, if the order is not granted before defendant can be heard as defendant has scheduled the above referenced sale for Wednesday, June 9, 2010." *Id.* at 2. The petition and complaint were filed on Monday, June 28, 2010. *Id.*

"A temporary restraining order is extraordinary relief." *Soskin v. Reinertson,* 260 F. Supp. 2d 1055, 1057 (D. Colo. 2003). Pursuant to Federal Rule of Civil Procedure 65, the Court may issue a temporary restraining order without notice to the adverse party only where (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage" will result; and (2) the movant certifies the efforts made to provide advance notice to the adverse party. Neither element has been met here. Fed. R. Civ. P. 65(b). First, the date on which the sale is (was) scheduled to occur (according to the Plaintiff), Wednesday, June 9, 2010, has already passed; thus, the Plaintiff has shown no immediate, imminent injury. Moreover, the Plaintiff has filed no affidavit nor verified complaint or statement with his petition. Finally, the petition does not clearly set forth any efforts made by Plaintiff to give the Defendant notice of the relief requested.

## **CONCLUSION**

Because the Plaintiff has failed to satisfy the requirements necessary to issue a temporary restraining order without notice to the Defendant in this matter, his request for such order is properly denied. Accordingly, IT IS RESPECTFULLY RECOMMENDED that Plaintiff's Petition for

---

[2] Plaintiff has also filed a Petition for Temporary [Preliminary] Injunction in this matter. *See* docket #3.

[3] The Court notes that the page numbering of the motion is inconsistent with the actual pages submitted by the Plaintiff. For example, the page numbers reflect "1 of 5"; however, the Plaintiff submitted a three-page motion on which the conclusion, prayer and Plaintiff's signature appear on the third page.

Temporary Restraining Order [filed June 28, 2010; docket #2] be **denied**.

Dated at Denver, Colorado, this 30th day of June, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge