IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01522-REB-MEH

DAVID ROTHE,

     Plaintiff,

v.

NATIONAL CITY BANK,

     Defendant.

---

## RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

---

**Michael E. Hegarty, United States Magistrate Judge.**

     This matter comes before the Court *sua sponte*, due to Plaintiff's failure to participate in proceedings mandated by Fed. R. Civ. P. 26(f), failure to cooperate in the preparation of a Scheduling Order and failure to respond to this Court's Order to Show Cause for his failure to respond to Defendant's Motion to Dismiss despite this Court's order to do so. The Court recommends that, for the reasons stated herein, this case be **dismissed with prejudice**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Plaintiff initiated this action on June 28, 2010 and proceeds in this matter *pro se*. With his Complaint, the Plaintiff filed petitions for Temporary Restraining Order (docket #2) and Temporary Injunction (docket #3). On June 30, 2010, this Court recommended that the motion for temporary restraining order be denied for Plaintiff's failure to demonstrate irreparable harm. Docket #8. Upon service of the Defendant, the Court set deadlines for responding to the Complaint and the pending Motion for Temporary Injunction. Docket #12. Defendant timely filed its response to the pending motion and filed a Motion to Dismiss Plaintiff's Complaint on September 17, 2010. Dockets #20 and #21. That same day, the parties appeared for a Scheduling Conference. Docket #19. Defense counsel informed the Court of Plaintiff's failure to cooperate in preparing a proposed scheduling order. *Id.* Thus, the Court directed Plaintiff to provide defense counsel with information necessary for completion of a proposed Scheduling Order. *Id.* Defense counsel has since informed the Court that Plaintiff failed to respond to telephone calls and voicemail messages on September 21, 2010 and September 22, 2010. Docket #26 at 2, n.1. The Scheduling Order was issued on October 4, 2010 without Plaintiff's input. *Id.*

Following entry of the Scheduling Order in this case, the Court ordered the Plaintiff to file a response to the Motion to Dismiss on or before October 18, 2010. Docket #27.[2] The Plaintiff has filed no response.[3] Consequently, this Court ordered Plaintiff to show cause on or before November 8, 2010 why this case should not be dismissed for his failure to prosecute the action. Docket #28.

---

[2]The Court notes that this order provided the Plaintiff with more time than that allowed pursuant to D.C. Colo. LCivR 7.1C.

[3]In addition, although given the opportunity to do so on or before October 1, 2010 (docket #12), the Plaintiff has filed no reply brief in support of his Motion for Temporary Injunction.

Plaintiff was advised that his failure to timely respond to the Order to Show Cause would result in this Court issuing a recommendation to dismiss the action for failure to prosecute. *Id.* The Plaintiff did not respond.

## DISCUSSION

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. By order of this Court, Plaintiff's response to the Motion to Dismiss in this matter was due to be filed on or before October 18, 2010. As noted previously, no response was filed by the Plaintiff. Additionally, there has been no request for an extension of time in which to file a response. Furthermore, the Plaintiff has failed to cooperate in the required Rule 26(f) meeting and the preparation of a Scheduling Order. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or

defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that Plaintiff's lack of cooperation and diligence in this case has caused the Defendant prejudice because it has been deprived of information and documents necessary to defend against Plaintiff's claims. Moreover, Plaintiff's lack of response to this Court's orders and his failure to participate has interfered with the judicial process in that the Court has been unable to issue a complete Scheduling Order in this case. Additionally, the necessity in issuing an Order to Show Cause increases the workload of the Court and interferes with the administration of justice.

Furthermore, the Plaintiff has provided no justification for his failures to respond to Court orders and to participate in the litigation; his culpability is evident. Plaintiff was warned in the

Order to Show Cause that the Court would recommend dismissal for his failure to prosecute; yet, he has made no response.  Finally, the Court finds that no sanction less than dismissal with prejudice would be effective here.  The Plaintiff has essentially abandoned this litigation; thus, no monetary sanction would be practical.  The Court concludes that dismissal with prejudice is the appropriate result.

## CONCLUSION

The Plaintiff appears to have abandoned his claims in this matter.  He has failed to prosecute the case with due diligence by his failures to participate in a Rule 26(f) conference in this matter, failure to cooperate in the preparation of a Scheduling Order, failure to respond to this Court's order to show cause, and  failure to respond to the Defendant's Motion to Dismiss or to properly request an extension of time to respond if he was unable to do so in a timely manner.  For these reasons alone, dismissal of this action against the Defendant is warranted.

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I respectfully RECOMMEND that the District Court dismiss this case with prejudice for Plaintiff's failure to prosecute this action, and deny Plaintiff's Petition for Temporary Injunction [filed June 28, 2010; docket #3] and Defendant's Motion to Dismiss [filed September 17, 2010; docket #20] as moot.

Dated this 16th day of November, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

5